IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR116 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| CLINTON BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion and amended motion filed by the Defendant, Clinton Brooks, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 185, 267) and to produce copies (Filing No. 263). His motion includes a request for an evidentiary hearing, and he has moved for appointment of counsel. The government has filed an Answer and a supporting brief. (Filing Nos. 222, 223.)

## FACTUAL BACKGROUND

Brooks pleaded guilty to counts I and IX of an eleven-count Indictment charging him with conspiracy to commit bank fraud (Count I) and aggravated identity theft (Count IX). As stated in the plea agreement, the statutory penalty for Count I is 0-5 years, with a consecutive mandatory minimum term of 2 years for Count IX. Brooks's plea agreement included an agreement under Federal Rule of Criminal Procedure 11(c)(1)(B) that he be sentenced to 24 months. At the change of plea hearing before Magistrate Judge Thomas D. Thalken, in discussing the recommended 24-month sentence, the following colloquy occurred:

> THE COURT:   . . . . Now, the Government will recommend to Judge Smith Camp that you receive, as part of your plea agreement in this case, a sentence not to exceed 24

<pre>
                       months.  And how that comes about, I'm not sure, but
                       that's what the Government recommends in this case.
                       Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:             And Judge Smith Camp doesn't have to go along with
                       that.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:             . . . .  And it very well may be that Judge Smith Camp
                       can determine that there has to be some sentence
                       imposed on Count I before she imposes the two-year
                       mandatory sentence of Count IX.  Do you understand
                       that?

THE DEFENDANT:  Yes.
</pre>

(Filing No. 96, at 20.)

At the plea hearing, Brooks stated under oath that at that time he had no objections to the manner in which he was represented by his attorney, David Eaton. (Filing No. 96, at 23.) He also agreed that he would be liable for restitution to any victims. (Filing No. 96, at 12-13.)

The PSR reported a guideline range of 21-27 months for Count I, based on a total offense level of 12 and placement in Criminal History Category IV, and a consecutive 24-month term of imprisonment for Count IX. Defense counsel adopted the Presentence Investigation Report with the exception that a letter from the city prosecutor be given to the undersigned. (Filing No. 119.) Defense counsel also filed a motion for downward departure based on extraordinary family circumstances and substantial assistance provided to the government. (Filing No. 120.) Brooks was sentenced to 21 months on Count I and a consecutive term of 24 months on Count IX. (Filing No. 140.) The motion

for downward departure was denied. (Filing No. 210, at 5.) Both parties strenuously argued for a 24-month sentence, and both Mr. Eaton and Brooks offered allocution. (Filing No. 210, at 6-10.) The Court acknowledged that this case was somewhat unusual in light of the mandatory consecutive term of imprisonment relating to Count IX. The Court noted that the parties did not enter into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and that the parties' recommendation for a 24-month sentence might have been upheld had Brooks taken advantage of opportunities available to him while he was on pretrial release. (Filing No. 210, at 10-13.) Concurrent terms of supervised release were ordered, together with a joint and several order of restitution. A direct appeal was not filed.

     Brooks timely filed his § 2255 motion. (Filing No. 185.) He also filed a motion for appointment of counsel (Filing No. 186) and an affidavit in support of his § 2255 motion (Filing No. 191). Brooks filed a second motion for appointment of counsel (Filing No. 202) and a second affidavit in support of his § 2255 motion (Filing No. 204). On initial review, the Court ordered the government to answer the § 2255 motion and denied the motions for appointment of counsel. (Filing No. 205.) Brooks appealed the denial of the appointment of counsel to the Eighth Circuit Court of Appeals. (Filing No. 208.) Subsequently, this Court appointed counsel, Scott Vander Schaaf, in this § 2255 matter and ordered Vander Schaaf to enter an appearance. (Filing No. 221.) Mr. Vander Schaaf never entered his appearance. The government answered the § 2255 motion, serving the pleading not on Mr. Vander Schaaf but rather on Mr. Eaton and Brooks. (Filing No. 222.) A brief was filed in support of the Answer, together with evidence including an affidavit of David Eaton. (Filing Nos. 223, 224.)

3

The government then filed a "motion for downward departure" which actually was a motion brought under Federal Rule of Criminal Procedure 35 based on substantial assistance. (Filing No. 242.) Based on Brooks's substantial assistance, the Court resentenced him to 21 months on Count I and zero months on Count IX. The Court ordered concurrent 3-year terms of supervised release on Counts I and IX. Restitution was ordered in the amount of $22,915.92 jointly and severally with M, Y, [sic] Yah, Robert McFarland and Mark Rex. (Filing No. 254.)

Brooks then filed a reply to the government's answer (Filing No. 262) and a motion to produce copies (Filing No. 263) relating to the ordered restitution amount. The Eighth Circuit affirmed this Court's denial of appointment of counsel as moot. (Filing No. 265.) Brooks filed another notice of appeal, characterizing his appeal as one from the Court's denial of his § 2255 motion. (Filing No. 266.) The notice of appeal was dismissed as premature. (Filing No. 277.) Brooks then filed an amended § 2255 motion.[1] (Filing No. 267.) He does not raise new claims in the amended motion; rather, he provides additional details supporting his original allegations. His requested relief is "release." (Filing No. 267.) The Court then ordered Brooks to respond to each statement in Mr. Eaton's affidavit by April 10, 2007, and allowed the government a response period. (Filing No. 268.) This order was returned as undeliverable and was resent to an updated address provided by the Bureau of Prisons. (Filing No. 270.) Having received no response from Brooks, on April 23, 2007, the Court ordered Brooks to show cause by May 18, 2007, as to why he failed to respond to the Court's order requiring a response to Mr. Eaton's affidavit. (Filing

---

[1] Both Brooks's original and amended § 2255 motions are hereinafter referred to as his "§ 2255 motion."

No. 274.) Finally, the record contains Brooks's receipt and acknowledgment of the terms and conditions of his supervised release that began on June 11, 2007. (Filing No. 281.) The Bureau of Prisons' website indicates June 11, 2007, as Brooks's release date.

## DISCUSSION

In his § 2255 motion, Brooks argues that he received ineffective assistance of counsel, because: the parties' Rule 11(c)(1)(B) recommendation for a 24-month sentence was not honored and Eaton could not give Brooks a 100% assurance of the sentence that the Judge would impose; Eaton did not move to withdraw his plea as a result of his sentence; Eaton gave an inadequate allocution; Eaton did not ask for a hearing regarding his objection to the PSR; Eaton did not file a direct appeal and misadvised Brooks of the timing for the filing of a notice of appeal; Eaton did not argue that Brooks's criminal history category overstated the seriousness of his criminal history; after Brooks was imprisoned Eaton discovered a discrepancy in Brooks's criminal history as reported in his PSR; Eaton did not ask for a hearing regarding the amount of actual loss;[2] and at the time the § 2255 motion was filed Eaton acted as if he no longer wanted to represent Brooks. Brooks also argues that the disparity among the sentences imposed on the members of the conspiracy require a lesser sentence in his case, and he argues that he is only liable for one-sixth of the total amount of restitution.

In order to establish ineffective assistance of counsel, Brooks must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

---

[2] Brooks argues that he is only liable for one-sixth of the total amount of restitution ordered, which he contends would reflect his role in the conspiracy. He bases his argument on his statement that six persons were involved in the criminal conduct. (Filing No. 267.)

*Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Amount of Restitution*

Restitution is mandatory in this case under 18 U.S.C. § 3663. Under U.S.S.G. § 5E1.1(a)(1)(a), therefore, the Court must enter a restitution order for the full amount of the victim's losses. Brooks does not argue that any of the listed victims are not entitled to the stated loss amounts or that he does not bear responsibility for any of the listed victims' losses. At sentencing, restitution was discussed in some detail, and Brooks voiced no objection. Moreover, when asked, Brooks stated that he had no questions regarding his sentence. Rather, he argues that he is not liable for the full amount of loss and that the amount should be equally divided among those responsible. Brooks overlooks the "joint and several" nature of the restitution order. In other words, Brooks is liable for the total amount together with his codefendants M, A, Yah, Robert McFarland and Mark Rex. Therefore, Brooks has not shown either prong of the *Strickland* test and this claim is denied both as an ineffective of assistance of counsel claim and a separate claim.

### *Alleged Sentencing Disparity Among Co-conspirators*

Alleged disparity among sentences is not a ground for sentence reduction. *United States v. Buckendahl,* 251 F.3d 753, 758-59 (8th Cir. 2001). Therefore, this claim is denied.

*Remaining Sentencing Issues*

All other remaining sentencing issues relate to the length of Brooks's sentence and are therefore moot in light of his June 11, 2007, release to supervised release status. *United States v. Johnson,* 209 Fed. Appx. 608, at *1 (8th Cir. Dec. 21, 2006) (citing *Spencer v. Kemna,* 523 U.S. 1, 6 (1998)). The Court notes that after the Rue 35 motion was granted, Brooks was sentenced to a term far below his guideline range and below the term recommended by the parties in Brooks's plea agreement. The *Strickland* prongs have not been proved, and the claim is denied.

*Eaton's Desire to Continue to Represent Brooks*

This issue is moot, as the Eaton was relieved of further representation of Brooks on September 19, 2006. (Filing No. 205.) Moreover, Brooks has not proved either *Strickland* prong.

*Filing of Notice of Appeal*

Mr. Eaton's affidavit indicating that he and Brooks jointly decided not to appeal is uncontested. Brooks has not proved either *Strickland* prong, and the claim is denied.

**CONCLUSION**

For the reasons discussed, the Court concludes that the Defendant's § 2255 motion and amended motion are denied without an evidentiary hearing. The motion to produce copies is denied.

IT IS ORDERED:

1. The Defendant's motion and amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing Nos. 185, 267) are denied;

2.	The Defendant's motion to produce copies (Filing No. 263) is denied;

3.	The Defendant's request for an evidentiary hearing is denied;

4.	A separate Judgment will be issued denying the § 2255 motion and amended motion;

5.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address as reported to the U.S. Probation Office; and

6.	The Clerk is directed to notify David Eaton of the filing of this Memorandum and Order.

DATED this 24th day of January, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge